**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROBERTSHAW CONTROLS COMPANY, ) | CIVIL ACTION NO. : |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| NINGBO RANCO MACHINERY & ) | |
| EQUIPMENT CO., LTD ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, Robertshaw Controls Company ("Robertshaw"), brings this Complaint against

Defendant Ningbo Ranco Machinery & Equipment Co., Ltd. ("Ningbo") for trademark

infringement, unfair competition and deceptive trade practices. In support of its Complaint,

Robertshaw alleges the following:

## I.    THE PARTIES

1.    Robertshaw a Delaware corporation with its principal place of business at 191

East North Avenue, Carol Stream, Illinois 60188. Robertshaw is a well-known leader in controls

for heating, ventilation and air-conditioning ("HVAC") systems and appliances.

2.    Upon information and belief, Ningbo is a Chinese corporation with its principal

place of business at Room 1728, South BLD of Yinzhou Chamber, No.1299 Yinxian Road,

Yinzhou District, Ningbo, Zhejiang, China, as indicated on its website at www.ranco.co.

## II.    JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28

U.S.C. § 1338 because the action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* This

Court has supplemental jurisdiction over Robertshaw's state law claims pursuant to 28 U.S.C.

753817v1

§ 1367(a). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this lawsuit is between citizens of different states.

4.      Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391(b) because the harm alleged herein is felt in this district, and a substantial part of the events or omissions giving rise to Robertshaw's claims occurred and are occurring in this district.

## III.    FACTS

### A.      Background

5.      Since 1927, Robertshaw and its predecessors in interest have offered goods such as thermostats and controls for a wide range of HVAC systems and appliances under the well-known RANCO trademark.

6.      Robertshaw's well-established trademark rights are reflected in part by its federal trademark registrations. Robertshaw has used its RANCO trademark since at least as early as 1927, and Robertshaw owns three United States trademark registrations of its RANCO mark, two of which are "incontestable" under 15 U.S.C. § 1115(b), which means:

> [T]he registration shall be conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce.

7.      Following are details of Robertshaw's federal trademark registrations of its RANCO trademark:

| MARK | U.S. REGISTRATION NO. | REGISTRATION DATE | GOODS |
|---|---|---|---|
| RANCO | 341055 | 1936 | Instruments having thermostatically operated mechanism for controlling artificial refrigerators and thereby controlling the temperatures produced by the refrigerators. |

| | | | |
|---|---|---|---|
| RANCO | 584070 | 1953 | Temperature responsive mechanism for controlling automatic refrigerators,(2) temperature responsive mechanism for controlling heaters for passenger compartments of automobiles, (3) temperature responsive mechanism for controlling heaters for stoves or ovens, (4) combination fluid control valve and temperature responsive control mechanism therefor, [ (5) combination electric motor starting relay and temperature responsive overload controls for electric motors, ] and (6) combination temperature responsive mechanism for controlling automatic refrigerators and electric timer for automatically effecting start of defrosting cycle. |
| RANCO | 587824 | 1954 | Solenoid operated valves. |

8.      Robertshaw has also established strong common law rights in its RANCO

trademark as a result of its extensive use and promotion of the mark over the course of nearly 90

years.

9.      Moreover, Robertshaw owns three registrations of its RANCO trademark in

China, where plaintiff's RANCO products are sold and have developed a valuable reputation.

Following are details of Robertshaw's Chinese registrations of its RANCO trademark:

| MARK | CHINESE REGISTRATION NO. | REGISTRATION DATE | GOODS |
|---|---|---|---|
| RANCO | 248341 | 1985 | Thermostatic control; pressure control; timer control. |
| RANCO | 722590 | 1994 | Controller, defrost control, humidity response control, heater controller. |
| RANCO | 1673838 | 2001 | Valves, control valves, reversing valves, all being parts of machines. |

10.      Many individuals and entities rely on Robertshaw's RANCO trademark as an

indication of high quality and reliability.  Because of its long use and many millions of dollars in

sales and advertising, the RANCO mark has achieved a high level of recognition and represents very valuable goodwill that is owned exclusively by Robertshaw.

**B.    Ningbo's Wrongful Conduct**

11.    From January 26 to 28, 2015, McCormick Place Chicago is hosting the International Air-Conditioning, Heating, Refrigerating Exposition ("the show"). Robertshaw is an exhibitor at this important trade show, which the promoters estimate will be attended by 63,000 people in the course of three days. The show is not open to the public but is limited to professionals in the HVAC industry.

12.    At the end of the first day of the show, representatives of Robertshaw discovered that defendant is operating a booth at the show and is doing business as Ningbo Ranco Machinery & Equipment Co., Ltd.

13.    At the show, Ningbo is offering for sale products that compete directly with Robertshaw's RANCO-branded goods. Included in the goods offered by Ningbo are products that appear to be copied directly from the Robertshaw product line.

14.    Ningbo is not licensed or otherwise authorized to use Robertshaw's RANCO trademark in the United States or in any other jurisdiction.

15.    Ningbo's use of Robertshaw's federally-registered RANCO trademark as part of its trade name is causing confusion among purchasers, to the detriment of both the public and Robertshaw.

## COUNT I

### TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114

16.    Robertshaw realleges the allegations contained in Paragraphs 1 through 15, above, as if fully set forth herein.

17.     Robertshaw is the owner of the federally-registered RANCO trademark, as stated above.

18.     Ningbo is using in commerce Robertshaw's RANCO trademark in U.S. commerce at the show, on its website and, upon information and belief, other marketing materials.

19.     Ningbo's use in commerce of the RANCO trademark is likely to cause confusion, or to cause mistake or to deceive in violation of 15 U.S.C. § 1114.

20.     Ningbo had actual and constructive knowledge of Robertshaw's trademark rights prior to beginning use of RANCO in the United States.

21.     Robertshaw has not consented to Ningbo's use of the RANCO trademark.

22.     Ningbo's unauthorized use of the RANCO trademark constitutes trademark infringement in violation of 15 U.S.C. § 1114.

23.     The willful and intentional nature of Ningbo's trademark infringement make this an exceptional case under 15 U.S.C. § 1117(a).

24.     As a direct and proximate result of this trademark infringement, Robertshaw has suffered and is suffering irreparable injury. Robertshaw will continue to suffer irreparable injury unless the Court enters an immediate temporary restraining order followed by a permanent injunction.

25.     Also as a direct and proximate result of this trademark infringement, Robertshaw has suffered and is suffering monetary damages in an amount to be determined at trial.

//

//

//

-6-

## COUNT II

### FEDERAL UNFAIR COMPETITION – 15 U.S.C. § 1125(A)

26.     Robertshaw realleges the allegations contained in Paragraphs 1 through 25, above, as if fully set forth herein.

27.     Ningbo's unauthorized use in commerce of the registered RANCO trademark falsely suggests that Ningbo and its offerings are connected with, sponsored by, affiliated with or related to Robertshaw.

28.     Ningbo's unauthorized use in commerce of the RANCO trademark constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A).

29.     The willful and intentional nature of Ningbo's false designation of origin make this an exceptional case under 15 U.S.C. § 1117(a).

30.     As a direct and proximate result of this trademark infringement, Robertshaw has suffered and is suffering irreparable injury.  Robertshaw will continue to suffer irreparable injury unless the Court enters an immediate temporary restraining order and thereafter an appropriate injunction.

31.     Also as a direct and proximate result of this trademark infringement, Robertshaw has suffered and is suffering monetary damages in an amount to be determined at trial.

## COUNT III

### VIOLATIONS OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT –

### 815 ILCS 510/2

32.     Robertshaw realleges the allegations contained in Paragraphs 1 through 31, above, as if fully set forth herein.

33. Ningbo's misconduct alleged herein constitutes several violations of the Illinois Uniform Deceptive Trade Practices Act, including the following:

    a.    Passing off goods or services as those of Robertshaw (815 ILCS 510/2(a)(1));

    b.    Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services (815 ILCS 510/2(a)(2));

    c.    Causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Robertshaw (815 ILCS 510/2(a)(3));

    d.    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that Ningbo has a sponsorship, approval, status, affiliation or connection that they do not have (815 ILCS 510/2(a)(5));

    e.    Representing that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, when they are of another (815 ULCS 510/2(a)(7));

    f.    Advertising goods or services with the intent not to sell them as advertised; (815 ILCS 510/2(a)(9)); and

    g.    Engaging in other conduct which similarly creates a likelihood of confusion or misunderstanding (815 ILCS 510/2(a)(12)).

34. Ningbo has willfully engaged in the above-described deceptive trade practices.

35.     As a direct and proximate result of the above-described deceptive trade practices, Robertshaw has suffered and is suffering irreparable injury. Robertshaw will continue to suffer irreparable injury unless the Court enters an immediate temporary restraining order and thereafter an appropriate injunction.

**COUNT IV**

**UNFAIR COMPETITION – ILLINOIS COMMON LAW**

36.     Robertshaw realleges the allegations contained in Paragraphs 1 through 35, above, as if fully set forth herein.

37.     Ningbo's misconduct alleged herein constitutes unfair competition under the common law of the State of Illinois.

38.     As a direct and proximate result of this unfair competition, Robertshaw has suffered and is suffering irreparable injury. Robertshaw will continue to suffer irreparable injury unless the Court enters an immediate temporary restraining order and thereafter an appropriate injunction.

39.     Also as a direct and proximate result of this unfair competition, Robertshaw has suffered and is suffering monetary damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Robertshaw prays that:

(i)     Ningbo, its officers, agents, servants, employees, attorneys, representatives, successors and assigns, and any and all persons acting by, through or under authority of Ningbo, be permanently enjoined and restrained from:

a.      using in commerce in or with the United States any trademark, trade name, domain name or other identifier any form of the RANCO trademark;

-8-

b.       disseminating any emails or other promotional materials to recipients in the United States, including on its website, that contain any form or colorable imitation of the RANCO trademark as a trademark, trade name, domain name or other identifier;

c.       promoting its goods or services in oral or written communications, on its website or in any other print or electronic marketing materials in a manner that misrepresent the nature, characteristics or qualities of Ningbo's goods or services, or its commercial activities, or imply any affiliation with Robertshaw; and

d.       doing any other act or thing likely to induce the belief that Ningbo's business, products or services are in any way connected with Robertshaw's business, products or services or are sponsored or approved by Robertshaw.

(ii)       Ningbo be required:

a.       to send a corrective notice to every purchaser in the United States of Ningbo's products, and any and all persons within the United states who have requested information from Ningbo, clarifying that:

(i) RANCO is the registered trademark of Robertshaw; and

(ii) Ningbo has no affiliation with Robertshaw, and Robertshaw does not sponsor or endorse Ningbo or its products or services.

b.       to account for and pay over to Robertshaw all gains, profits and advantages wrongfully derived by Ningbo through the acts alleged herein;

c.       to pay over to Robertshaw the actual damages suffered by Robertshaw as a result of Ningbo's misconduct alleged herein;

d.     to pay over to Robertshaw three times the damages suffered by Robertshaw based on Ningbo's use of the RANCO trademark, pursuant to 15 U.S.C. § 1117(a);

e.     to pay over to Robertshaw punitive and exemplary damages;

f.     to pay over to Robertshaw the costs of this action as well as Robertshaw's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and the statutory and common law of the State of Illinois; and

g.     to file with this Court and serve on counsel for Robertshaw within thirty (30) days after entry of an injunction issued by this Court, a sworn written statement as provided in 15 U.S.C. § 1116.

(iii)    Robertshaw be awarded such further relief as this Court deems just and proper.

Dated:  January 27, 2015

Respectfully submitted,

PATTISHALL, McAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP

By: _____

Brett A. August
Jessica Ekhoff
200 S. Wacker Drive, Suite 2900
Chicago, Illinois 60606
Telephone: 312-554-8000

*Attorneys for Plaintiff,*
*Robertshaw Controls Company*

**PLEASE SEE VERIFICATION ON FOLLOWING PAGE**

-10-

## VERIFICATION:

I, Aaron Rachelson, General Counsel of plaintiff Robertshaw Controls Company, hereby declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing complaint, I believe all allegations of which I have personal knowledge to be true, and regarding the allegations of which I do not have personal knowledge, I believe them to be true based on all available information.

Signed: _____

Date: _1/27/15_____

NOTARIZATION: State of Illinois;
County of DuPage;
This instrument was acknowledged before me
on January 27, 2015 by Aaron Rachelson
as the Vice President and General Counsel
of Robertshaw.

_Sandra M. Liedtke_____
Sandra M. Liedtke

OFFICIAL SEAL
SANDRA M LIEDTKE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3-17-2017